IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                              NO. 4:18-CR-104

JOE CRAWFORD

## ORDER

Before the Court in this criminal action is Joe Crawford's motion in limine. Doc. #42.

## I
## Procedural History

On August 23, 2018, Joe Crawford was indicted on three counts of selling firearms to felons, in violation of 18 U.S.C. § 922(d) and 924(a)(2). Doc. #1. On November 20, 2018, Crawford filed a motion for leave to file a motion in limine regarding the use of certain transcripts at trial. Doc. #37. The Government did not respond to the motion for leave. Rather, it filed a response to Crawford's proposed motion in limine, which was attached as an exhibit to the motion for leave. Doc. #38.

On November 26, 2018, this Court granted Crawford's motion for leave and allowed him until November 27, 2018, to file a reply to the Government's response. Doc. #40. Crawford filed his motion in limine on November 26, 2018. Doc. #42. He did not file a reply within the time allowed.

## II
## Standard of Review

Motions in limine "allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Harkness v. Bauhaus U.S.A., Inc.*, No. 3:13-cv-129, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015). Although neither the Federal Rules of Evidence nor the Federal Rules of Criminal Procedure "explicitly authorize *in limine* rulings, the

practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). As is true with motions in limine in civil cases,[1] a motion in limine in a criminal case should only be granted if the challenged evidence is shown to be inadmissible on all possible grounds. *United States v. Gibson*, No. 2:17-cr-126, 2018 WL 4903261, at *2 (E.D. Va. Oct. 9, 2018); *see United States v. Kistner*, No. 2:11-cr-283, 2013 WL 80255, at *3 (S.D. Ohio Jan. 7, 2013) (denying motion in limine where defendants "failed to demonstrate … that such evidence is clearly inadmissible on all possible grounds").

## III
## Analysis

In his motion in limine, Crawford seeks to exclude numerous transcripts of telephone calls between himself and a confidential human source. Doc. #42 at 2. Crawford argues that the transcripts are inadmissible because they violate the best evidence rule and because the quality of the underlying recordings do not justify the use of transcripts. As an alternative to exclusion, Crawford asks that the jury be provided "an appropriate limiting instruction," a proposed version of which Crawford submitted separately to the Court.

### A. Best Evidence Rule

Crawford first argues that the transcripts are inadmissible because "the audio recordings are the best evidence to present to a jury per [Federal Rules of Evidence] 1002 and 1003." Doc. #42 at 2.

Federal Rule of Evidence 1002, also known as the "best evidence rule,"[2] provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Rule 1003 directs that, in satisfying this rule, "[a]

---

[1] *See Harkness*, 2015 WL 631512, at *1.

[2] *R.R. Mgmt. Co., L.L.C. v. CFS La. Midstream Co.*, 428 F.3d 214, 217 (5th Cir. 2005).

2

duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate."

"When the original tape is available and presented to the jury and the accuracy of the transcript has been stipulated or is made an issue for the jury to decide, concerns addressed by the best evidence rule are not at issue." *United States v. Chaney*, 299 F. App'x 447, 455 (5th Cir. 2008) (quoting *United States v. Holton*, 116 F.3d 1536, 1545 (D.C. Cir. 1997)). Here, there is no indication that the original tape will be unavailable or not presented to the jury. Furthermore, while it does not appear the accuracy of the transcripts has been stipulated, any questions of accuracy will be presented to the jury.[3] Accordingly, the best evidence rule does not require exclusion and Crawford's contention to the contrary is rejected.

## B. Use of Transcripts

"The need or desire for transcripts arises generally from two circumstances. First, portions of a tape may be relatively inaudible. Second, without the aid of a transcript, it may be difficult to identify the speakers. In either of these cases, it … is within the discretion of the trial court to allow a transcript to be used by the jury to assist the jury as it listens to the tape." *United States v. Onori*, 535 F.2d 938, 947 (5th Cir. 1976) (quotation marks omitted). Crawford argues that the recordings here do not implicate either of the justifications for transcripts. The Government responds that "[t]he recordings are, at times, difficult to hear and understand" and that the transcripts should be provided, but not admitted, for the limited purpose of assisting the jury in considering the evidence. Doc. #38 at 1.

---

[3] If questions of accuracy are properly raised, should the transcripts be admitted into evidence, the Court intends to give Fifth Circuit Pattern Criminal Jury Instruction 1.42, which states, in relevant part, "You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine." To the extent Crawford asks this Court to give his proposed instruction, which includes only a portion of the pattern instruction, his request is denied. *See United States v. Hunt*, 794 F.2d 1095, 1101 (5th Cir. 1986) ("[W]e … encourage the district courts to follow the Pattern Jury Instructions ….").

As an initial matter, the Fifth Circuit has cautioned that it is "incorrect to think of … transcripts as simply an aid[.] They are evidence, and like other evidence, may be admitted for a limited purpose only." *Onori*, 535 F.2d at 947 (quotation marks omitted). Such limited purposes include the two circumstances identified by *Onorio*—"aiding the jury in understanding the recording by identifying the speakers or understanding portions which are difficult to hear." *United States v. Garcia*, 334 F. App'x 609, 615 (5th Cir. 2009). Thus, to the extent the Government intends to show the jury the transcripts for the purpose of assisting them in understanding the recordings, the transcripts must be admitted for such a purpose. *Id*. Regardless, because Crawford has not submitted the relevant recordings, the Court is in no position to conclude that transcripts are clearly unnecessary to assist the jury in understanding the recordings. Accordingly, the motion in limine will be denied.

### IV
### Conclusion

For the reasons above, the motion in limine [42] is **DENIED**.

**SO ORDERED**, this 28th day of November, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**