# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                          NO. 4:18-CR-104

JOE CRAWFORD

## ORDER

Joe Crawford was charged in a superseding indictment with two counts of knowingly selling a firearm to a confidential informant who is a convicted felon, in violation of 18 U.S.C. § 922(d). In response to a Rule 404(b) notice by the Government, Crawford moved in limine to exclude evidence that he sold firearms to two men—Derrick Williams and Darren Scott—with knowledge that the men were convicted felons. Because Crawford's prior sale of firearms to Williams may be admissible to show an organized scheme, intent to sell to a felon, and absence of mistake by Crawford, and further is not precluded by Rule 403, the motion in limine will be denied as to Williams. However, because the Government's response to the motion in limine did not address any sales to Scott by Crawford, the motion in limine will be granted as to Scott.

### I
### Standard

Motions in limine "allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Harkness v. Bauhaus U.S.A., Inc.*, No. 3:13-cv-129, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015). Although neither the Federal Rules of Evidence nor the Federal Rules of Criminal Procedure "explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). As is true with motions in limine in civil cases, a motion in limine in a criminal case should only be granted if the challenged evidence

is shown to be inadmissible on all possible grounds. *United States v. Gibson*, No. 2:17-cr-126, 2018 WL 4903261, at *2 (E.D. Va. Oct. 9, 2018); *see United States v. Kistner*, No. 2:11-cr-283, 2013 WL 80255, at *3 (S.D. Ohio Jan. 7, 2013) (denying motion in limine where defendants "failed to demonstrate … that such evidence is 'clearly inadmissible on all possible grounds'") (citing *Luce*, 469 U.S. at 41 n.4).

## II
## Analysis

Federal Rule of Evidence 404(b) governs the admissibility of evidence of crime, wrongs, and other acts. Subsection 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Subsection 404(b)(2), however, directs that such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." At the defendant's request, the prosecutor "must … provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and … do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b)(2)(A). Once a court determines that evidence is admissible under Rule 404(b), "the only remaining question is … whether the probative value of the uncharged … evidence [is] substantially outweighed by its undue prejudice under Rule 403." *United States v. Smith*, 804 F.3d 724, 736 (5th Cir. 2015).

### A. Rule 404(b)

By its terms, Rule 404(b) contains two requirements for admissibility in a criminal case: (1) the prosecutor must have provided sufficient and timely notice of its intent to use the evidence, and (2) the evidence must be admissible for a purpose other than showing the defendant's character. *See* Fed. R. Evid. 404 advisory committee's note to 1991 amendments ("[T]he notice

2

requirement serves as condition precedent to admissibility of 404(b) evidence ….").

### 1. Notice

"Other than requiring pretrial notice, … Rule 404(b) states no specific time limits in recognition of the fact that what constitutes reasonable notice will depend largely on the circumstances of each case." *United States v. Charles*, 3 F.3d 436, 1993 WL 346909, at *3 (5th Cir. Aug. 11, 1993). Cases involving multiple defendants or complex counts necessarily require more notice than simpler cases involving single defendants. *Id*. Generally, "two to three weeks notice [is] sufficient, but a longer period may be appropriate depending on the circumstances …." *United States v. Falkowitz,* 214 F. Supp. 2d 365, 393 (S.D.N.Y. 2002). Here, in this single-defendant case, the Government provided notice to Crawford approximately three weeks before trial. Accordingly, Rule 404(b)'s timeliness requirement was satisfied.

Regarding the substance of the notice, Crawford argues the Government's notice is deficient for including "no law or analysis as to why the subject other bad acts evidence … is admissible under the … law [or] specific[ity] in time, date, or location." The law is clear, however, that such information is not required under Rule 404(b). *See United States v. Rusin*, 889 F. Supp. 1035, 1036 (N.D. Ill. 1995) (rejecting request for details regarding Rule 404(b) notice). Accordingly, the Government's disclosure was sufficient to satisfy Rule 404(b)'s notice requirements.

### 2. Admissibility as to Williams

In its response, the Government contends the previous sales to Williams are admissible under Rule 404(b) "to show motive, intent, plan, knowledge, and absence of mistake or accident." Doc. #97 at 1. Specifically, the Government argues the "anticipated proof will show that the Defendant sold firearms to both a CI and to Derrick Williams, both were convicted felons. The

3

gun sales are relevant to show that the defendant knew the CI was a convicted felon because he has sold firearms to other convicted felons." *Id*. at 2.

As an initial matter, the Government offered no evidence or argument which would suggest that Crawford's sales to Williams (who apparently has no connection to the CI referenced in the superseding indictment) would tend to show Crawford knew the CI was a convicted felon. Accordingly, to the extent the Government intends to make such an argument at trial, such would be excluded.

That is not to say, however, that prior sales to Williams are inadmissible for any purpose. To the contrary, evidence of earlier illegal gun sales may be admissible under Rule 404(b) in a § 922(d) prosecution to show the defendant "had opportunity [to sell to a felon] because he possessed a large number of uninventoried guns that could be sold to a felon … without being traced or detected," or to show a "common scheme to sell firearms to prohibited persons." *United States v. Crouch*, 46 F.3d 871, 875 (8th Cir. 1995). Such evidence may also be used to "establish[] that the failure to require … paperwork and [a] criminal history check was intentional and not a mistake." *United States v. Mullendore*, No. 1:11-CR-00149, 2013 WL 5565864, at *2 (S.D. Ind. Oct. 8, 2013).

While it appears the Fifth Circuit has not considered the Rule 404(b) admissibility of prior sales in a § 922(d) case, in *United States v. Guerrero*, it considered the Rule 404(b) admissibility of uncharged illegal sales in a prosecution for dispensing controlled substances outside the usual course of professional medical practice for legitimate medical purposes. 650 F.2d 728, 737 (5th Cir. 1981). In *Guerrero*, the Fifth Circuit held evidence that the defendant physician had, on uncharged occasions, prescribed controlled substances in exchange for various items was "relevant to the issue of [the doctor's] unlawful intent in that it shows extrinsic acts, substantially similar to

4

the charged offenses, which require the same state of mind as the offenses charged in the indictment [and] tends to show an ongoing practice of unlawful dispensation and is thus relevant to show a common scheme or plan." *Id*.

Here, the Government represents that "Williams will testify that he met the defendant at the defendant's residence, at the Wild Bill's Gas Station, and one time on his street … to purchase firearms from the defendant." Doc. #97 at 4. The Government also asserts in conclusory fashion that "[t]he place, the way the buys occurred, and the circumstances surrounding the buys between Derrick Williams and the defendant are similar to the buys between the defendant and the confidential informant." *Id*. Based on the authority above, it seems clear that evidence of Crawford's prior illegal sales may[1] be admissible to show both the absence of mistake and an ongoing scheme (and by extension intent). Thus, the Court concludes that Crawford's sales to Williams are potentially admissible to show an ongoing scheme of selling firearms to felons, Crawford's intent to sell to a felon, or the absence of a mistake. Accordingly, pre-trial exclusion on Rule 404(b) grounds is inappropriate.

### 3. *Admissibility as to Scott*

The Government's response does not address the alleged sales to Scott. The Court presumes then that the Government does not intend to offer any evidence of prior sales to Scott and, therefore, will grant the motion in limine in that regard.

### B. Rule 403

Assuming the evidence as to Williams is admissible under Rule 404(b), the question becomes whether it is admissible under Rule 403. In this regard, the Court should consider four

---

[1] Beyond its conclusory assertion, the Government does not specify why the sales to Williams are similar to the sales charged in the superseding indictment. Furthermore, as mentioned (but not argued as to any facts) in Crawford's motion, the admissibility of the evidence depends on the Government offering sufficient proof that Crawford actually "committed the offense" at issue. *See United States v. Beechum*, 582 F.2d 898, 912 (5th Cir. 1978).

5

factors: "(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions." *Smith*, 804 F.3d at 736. Here, all four factors weigh in favor of admissibility.

First, the evidence is important because it helps establish intent to sell a firearm to a felon—an issue that will likely be both significant and disputed at trial. *See id.* (first factor weighed in favor of admission when "intent was a significant and disputed issue at trial.").

Second, the uncharged offenses (the sales to Williams) and the charged offenses (the sales to the CI), which both involve sales of firearms to a convicted felon, are identical.

Third, to the extent the Government represents that the "sales to Derrick Williams occurred within a year of the gun sales charged in the Superseding Indictment," the third factor also weighs in favor of admission. *See United States v. Adair*, 436 F.3d 520, 527 (5th Cir. 2006) ("Adair's prior money-laundering scheme was temporally significant, as it occurred less than three years before the conduct at issue in the instant appeal."); *see also United States v. Juarez*, 866 F.3d 622, 628 (5th Cir. 2017) ("This Court has found that evidence of misconduct committed less than three years prior to the charged crime is admissible, while suggesting that ten years may be too remote.").

Finally, to the extent evidence of the prior sales is not "of a heinous nature such as would incite a jury to an irrational decision of the charges before it," the Court concludes there is little risk of prejudice in its admission. *United States v. Cockrell*, 587 F.3d 674, 680 (5th Cir. 2009). To the extent the evidence carries a risk of prejudice, the Court concludes that a contemporaneous limiting instruction would prevent such prejudice from arising. *See id.* (contemporaneous limiting instruction prevented prejudice from 404(b) evidence). Accordingly, to the extent evidence of

prior sales to Williams is admissible under Rule 404(b), Rule 403 would not preclude its admission.

## III
## Conclusion

Crawford's motion in limine [96] is **GRANTED in Part and DENIED in Part**. The motion is GRANTED as to the admission of prior sales to Scott and DENIED as to the admission of prior sales to Williams.

**SO ORDERED**, this 10th day of May, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**