## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**V.**                                                                        **NO. 4:18-CR-104**

**JOE CRAWFORD**

## ORDER

This case is before the Court on a show cause order concerning the conduct of Joe Crawford's former counsel, Michael Carr.  Doc. #113.

## I
## Procedural History

On December 4, 2018, Joe Crawford was charged in a superseding indictment[1] with two counts of knowingly selling a firearm to a convicted felon.  Doc. #60.  On April 24, 2019, this Court, after being informed that Crawford had executed a plea agreement with the government, set a change of plea hearing for April 25, 2019.[2]  Doc. #105.  At 8:26 a.m. on April 25, 2019, Michael Carr, Crawford's retained counsel, sent an e-mail to chambers, with the government copied, stating:

> At 8:41 pm last night my client, Joe Crawford, informed me via text that he had changed his mind about pleading guilty. I told him that he still needs to come to court today and put his decision on the record.
>
> If Mr. Crawford decides not to plead guilty today, I will also be asking the Court to allow me to exercise my right to withdraw from representation per the terms of my contract and per statements I have prepared for the court based on what happened in my office yesterday during a client meeting.
>
> I have already discussed this with the Government and made Mr. Stringfellow aware of the possible change in circumstances as soon as they were made known to me.

---

[1] The original indictment against Crawford in this case was filed August 23, 2018.  Doc. #1.

[2] Crawford's trial was then less than a week away.

> I do not want to waste any more of the Courts time. I am available for a call prior to today's 10:30 am hearing if necessary ….

Doc. #123-1 at PageID 420.

At the outset of the change of plea hearing, Crawford advised that, despite the signed plea agreement, he no longer wished to plead guilty and had only signed the plea agreement because Carr, his counsel, suggested he do so during a meeting in Carr's office the previous day.

After Crawford spoke, Carr made an oral motion to withdraw as Crawford's counsel.  As grounds, Carr represented that during their April 24 meeting, Crawford had physically threatened him and expressed a lack of confidence in his ability to provide adequate representation.  Crawford, who had received no prior notice from Carr of Carr's intent to seek withdrawal, informed the Court that he did not feel he had threatened Carr and that he felt Carr was not adequately representing his interests.  However, when asked whether he wanted Carr to cease representing him, Crawford did not provide a clear answer.  The government, for its part, objected to Carr's motion on the ground that he had stated insufficient grounds for withdrawal.

After directing Crawford and Carr to discuss their dispute during a recess, this Court directed Carr to file a written motion stating his reasons for withdrawal.  Carr filed a motion to withdraw later that day.  Doc. #107.  The government responded on April 26, 2019.  Doc. #109.  The same day, this Court, finding an irreconcilable conflict between Crawford and Carr, granted Carr's motion to withdraw.  Doc. #110.

On April 30, 2019, this Court issued an order which provided Crawford an opportunity to file a formal response to Carr's motion to withdraw and which directed Carr to show cause why he should not be sanctioned for violating the duty of reasonable communication imposed by Mississippi Rule of Professional Conduct 1.4.  Doc. #113 at 3–4.  Carr responded to the show

cause order on May 10, 2019. Doc. #123. At Carr's request,[3] a hearing on the show cause order was held August 6, 2019. Doc. #141.

At the hearing, Carr testified that he did not inform Crawford of his intent to withdraw from representing Crawford if Crawford did not plead guilty because he did "not want to disrupt any opportunity for … Crawford to make … a decision in his best interest." Carr also testified that he felt informing Crawford of his decision to withdraw if Crawford did not plead could implicate the validity of an ensuing guilty plea.

## II
## Analysis

Pursuant to Local Criminal Rule 44.1, "[a]dmission and conduct of attorneys in criminal cases shall be governed by Rule 83.1 of *The Uniform Local Civil Rules*." Local Civil Rule 83.1(c)(1) provides that "[t]he court may, after notice and an opportunity to show cause to the contrary, if requested, censure or reprimand any attorney who practices before it for conduct unbecoming a member of the bar or for failure to comply with these rules [or] the MISSISSIPPI RULES OF PROFESSIONAL CONDUCT."

With regard to the withdrawal of an attorney from representation of a party, Local Rule 83.1, directs:

> When an attorney enters an appearance in a civil action, he or she must remain as counsel of record until released by formal order of the court. An attorney may be released only on motion signed by the client(s) or upon a duly noticed motion to all parties, including the client and presented to the judicial officer to whom the case is assigned, together with a proposed order authorizing counsel's withdrawal.

L.U. Civ. R. 83.1(b)(3). Relatedly, Mississippi Rule of Professional Conduct 1.4 requires that a "lawyer … keep a client reasonably informed about the status of a matter" and "shall explain a

---

[3] Doc. #123 at 8.

matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

Carr's response to the order to show cause advances two arguments against sanctions. Carr argues that "[i]t appears this Court is concerned with whether Carr provided a 'duly noticed' motion to all parties pursuant to Local Rule 83.1" and that due notice under Local Rule 83.1 was ultimately provided. Doc. #123 at 4–6. Carr further contends that even if he violated Local Rule 83.1, his actions did not rise to the level of bad faith so as to support sanctions under this Court's inherent power. *Id.* at 6–8. Each of these arguments rests on an incorrect premise.

First, while this Court was "concerned" with whether Carr provided due notice under Local Rule 83.1, compliance with this rule was not the basis for the show cause order. Rather, this Court's show cause order noted that pursuant to Mississippi Rule 1.4, Carr owed Crawford a duty of reasonable communication and that "Carr's oral motion to withdraw, which he made in open court during a change of plea hearing and without any prior notice or consultation with Crawford, appears to be a clear breach of this duty." Doc. #113 at 3. Thus, the Court's "concern" for the purpose of the show cause order was compliance with the duty of communication imposed under Mississippi Rule 1.4, not compliance with the procedural requirements of Local Rule 83.1.

Second, as clarified in the show cause order, the source of the sanction power in this situation is not this Court's inherent power to sanction but Local Rule 83.1(c)(1), which grants the Court power to sanction for a violation of the Mississippi Rules of Professional Conduct.

Thus, the only issue to be decided is whether Carr violated his duty of keeping Crawford reasonably informed about the status of his case. The answer to this question is clearly yes.

There is no dispute that an attorney acting on a good faith belief that his client should plead guilty pursuant to a plea agreement "has the right to ask the court to allow him to withdraw as

counsel and have another counsel appointed if the client refused to plead." *Uresti v. Lynaugh*, 821 F.2d 1099, 1102 (5th Cir. 1987). However, because "[w]ithholding this information would withhold a material and significant fact from the accused when the accused was undertaking to decide whether or not to accept the plea bargain," "it would be improper and unethical not to warn his client that this was the course of conduct he would follow if the client refused to accept the plea bargain." *Id*. Given this, disclosure of an intent to withdraw does not undermine the voluntariness of a guilty plea. *Id*.

By refusing to disclose to Crawford his intent to withdraw in the event Crawford refused to plead, Carr withheld a "material and significant fact" from his client. Such a failure amounts to a breach of the duties imposed by Mississippi Rule 1.4. For this failure, Carr is **REPRIMANDED** and cautioned that any future violation of this rule in this district will likely result in a harsher and/or additional sanction.

**SO ORDERED**, this 17th day of December, 2020.

_/s/Debra M. Brown_____
**UNITED STATES DISTRICT JUDGE**

5