IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                                          NO. 4:18-CR-104

JOE CRAWFORD

**ORDER**

    Joe Crawford is set to be tried on charges of selling firearms to a convicted felon. In the interest of expediting the criminal trial, the Court concludes a pre-trial determination of the admissibility of evidence related to uncharged firearms sales and a search of Crawford's home is warranted. While the Court earlier denied on procedural grounds Crawford's motions in limine challenging such evidence, the Court now finds that evidence related to the uncharged sales likely is admissible at trial and that evidence related to the search at Crawford's home is likely relevant but its ultimate admissibility will depend on the facts presented at trial.

**I
Procedural History**

    Crawford was charged in a superseding indictment with two counts of knowingly selling a firearm to a confidential informant ("CI") who is a convicted felon, in violation of 18 U.S.C. § 922(d). Doc. #60. Count One charges a March 20, 2018, sale of four firearms: a Magnum Research Inc., Desert Eagle, .44 caliber pistol; a Beretta .40 caliber pistol; a Federal Arms Corp. FA91 .308 caliber rifle; and a Nodak Spud LLC 5.45x39 mm caliber rifle. *Id*. at 1. Count Two charges a June 14, 2018, sale of seven firearms: a Norinco Model MAK-90 Sporter 7.62x3 mm caliber rifle; a Nodak Spud LLC 5.45x39 mm caliber rifle; two Glock .45 caliber pistols; a Taurus .40 caliber pistol; a Beretta .32 caliber pistol; and a "bump stock." *Id*. at 2.

On April 3, 2019, Crawford filed his Seventh Motion in Limine, which sought to exclude from trial "the introduction of video, evidence, or testimony regarding gun sales outside of the two counts alleged in the First Superseding Indictment as part of the Government's case in chief." Doc. #84 at 2. The same day, Crawford filed his Eleventh Motion in Limine, which sought to exclude "testimony of the search of Defendant's residence." Doc. #88 at 2. The government responded in opposition to both motions. Doc. #95.

On April 18, 2019, this Court entered an order which, among other things, denied both the Seventh Motion in Limine and the Eleventh Motion in Limine as untimely or, in the alternative, as inadequately briefed. Doc. #100. The order, however, granted Crawford leave to file a pre-trial brief addressing the merits of the motions. *Id*. Crawford filed the pre-trial brief on April 22, 2019. Doc. #103. The government responded three days later. Doc. #108.

## II
## Standard

In the civil context, motions in limine "allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Harkness v. Bauhaus U.S.A., Inc.*, No. 3:13-cv-129, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015). Although neither the Federal Rules of Evidence nor the Federal Rules of Criminal Procedure "explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). As is true with motions in limine in civil cases, a motion in limine in a criminal case should only be granted if the challenged evidence is shown to be inadmissible on all possible grounds. *United States v. Gibson*, No. 2:17-cr-126, 2018 WL 4903261, at *2 (E.D. Va. Oct. 9, 2018); *see United States v. Kistner*, No. 2:11-cr-283, 2013 WL 80255, at *3 (S.D. Ohio Jan. 7, 2013) (denying motion in limine where

defendants "failed to demonstrate … that such evidence is 'clearly inadmissible on all possible grounds'") (citing *Luce*, 469 U.S. at 41 n.4).

### III
### Uncharged Sales

Although Crawford's Seventh Motion in Limine sought to exclude uncharged sales generally, his pre-trial brief refers specifically to evidence related to sales which allegedly occurred on June 1, 2018, February 17, 2018, and March 1, 2018. Doc. #103 at 1–2. Crawford argues such evidence is inadmissible under Federal Rule of Evidence 404(b) and Federal Rule of Evidence 403. *Id*. at 2–4. In its response, the government does not address the June 1, 2018, sale but argues that Rule 404 does not apply to the February 17 and March 1 sales, which involve the same purchaser charged in the indictment, because the sales are intrinsic evidence of the crimes charged and are not otherwise excludable under Rule 403. *See* Doc. #108 at 1–2; Doc. #95 at 3.

Federal Rule of Evidence 404(b) governs the admissibility of evidence of crime, wrongs, and other acts. Subsection 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Subsection 404(b)(2), however, directs that such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." At the defendant's request, the prosecutor "must … provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and … do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b)(2)(A). Once a court determines that evidence is admissible under Rule 404(b), "the only remaining question is … whether the probative value of the uncharged … evidence [is] substantially outweighed by its undue prejudice under Rule 403." *United States v. Smith*, 804 F.3d 724, 736 (5th Cir. 2015).

3

**A. Rule 404(b)**

By its terms, Rule 404(b) contains two requirements for admissibility in a criminal case: (1) the prosecutor must have provided sufficient and timely notice of its intent to use the evidence, and (2) the evidence must be admissible for a purpose other than showing the defendant's character. *See* Fed. R. Evid. 404 advisory committee's note to 1991 amendments ("[T]he notice requirement serves as condition precedent to admissibility of 404(b) evidence …."). Because Crawford's pre-trial brief does not contest the sufficiency of notice,[1] the only question is whether the earlier buys are admissible under Rule 404(b).

To determine the admissibility of "other acts" evidence, a court must first determine whether the evidence is "intrinsic" or "extrinsic" to the charged crime. *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010). While extrinsic evidence must be evaluated under Rule 404, "[i]ntrinsic evidence does not implicate rule 404(b), and consideration of its admissibility pursuant to that rule is unnecessary." *Id*. (cleaned up). "Other act evidence is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *Id*. (cleaned up). Evidence of controlled buys may be deemed intrinsic evidence when the evidence "strengthens the link" between the defendant and the underlying crime by corroborating, explaining, and providing "necessary context for the charged offense." *United States v. Bush*, 673 F. App'x 947, 951 (11th Cir. 2016).

Here, the government contends that evidence of the earlier buys is intrinsic evidence because the evidence "provides context to how the parties met, and what the parties discuss on the recordings between the CI and the defendant." Doc. #95 at 3. Specifically, the government

---

[1] Crawford challenged the sufficiency of notice with respect to other buys in his Twelfth Motion in Limine. *See* Doc. #96 at 4. This Court found the notice sufficient. Doc. #121 at 3.

represents that the uncharged buys were mentioned during recorded conversations between Crawford and the CI related to the charged buys. *Id*. The government further argues that Crawford's history with the CI "will help establish that the defendant knew the CI was a convicted felon." *Id*. at 2.

Because the earlier sales were discussed during the charged sales and because Crawford's history with the CI goes directly to whether Crawford knew the CI was a felon, the Court concludes that the evidence of the uncharged buys are inextricably intertwined with the charged offenses such that the evidence may be deemed intrinsic. *See generally United States v. Williams*, 708 F. App'x 826, 830 (5th Cir. 2017) ("The jury was entitled to know the full context of Williams's relationship with Hermann Medical Supply, starting with the company's foundational acts and continuing through the criminal episode."); *United States v. McGee*, 602 F. App'x 90, 92 (4th Cir. 2015) (evidence of five controlled buys was intrinsic evidence "because it arose out of the same series of transactions and was necessary to complete the story of the crimes on trial"). Therefore, Rule 404 does not apply to the evidence.

### B. Rule 403

Even if evidence is intrinsic, it must be evaluated under Rule 403. *United States v. Sudeen*, 434 F.3d 384, 389 (5th Cir. 2005). Rule 403 provides for the exclusion of evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury … or needlessly presenting cumulative evidence." The rule "should *generally* not be used to exclude intrinsic evidence." *United States v. McCann*, 613 F.3d 486, 499 n.6 (5th Cir. 2010); *see United States v. Velasquez*, 881 F.3d 314, 336 (5th Cir. 2018) ("Evidence which tends to rebut a defendant's claim of innocence is unlikely to be unduly prejudicial."). Conclusory assertions of prejudice are insufficient to justify exclusion under Rule

5

403. *United States v. Hitt*, 473 F.3d 146, 159 n.12 (5th Cir. 2006). Furthermore, "Rule 403 is rarely appropriate as a basis of pre-trial exclusion, because a judge cannot ascertain potential relevance until that judge has a virtual surrogate for a trial record." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 747 (3d Cir. 1994).

Crawford argues that "[t]he prejudicial effect in introducing other allegations of gun sales is overwhelming" because "[a]llowing evidence of other prior gun sales will create a series of mini-trials within the actual trial" and "will lead to confusion of the issues with the jury and significantly delay this 3 day trial setting." Doc. #103 at 5. However, Crawford offers no specific reason to believe that introduction of the evidence would cause any confusion or delay. And given the limited purpose of the evidence (to show Crawford's history with the CI), the Court finds the possibility of confusion and delay to be unlikely. Given Crawford's conclusory assertions of prejudice, the Court concludes that he has not shown the evidence is inadmissible under Rule 403.

## IV
## Search of Crawford's Home

Crawford represents that a law enforcement search of his home uncovered approximately 56 semi-automatic rifles and pistols as well as over 400 other firearms. The search also found cash and business documents. Crawford seeks exclusion of all such evidence as irrelevant under Rule 401 or as unduly prejudicial under Rule 403. Specifically, Crawford, citing *United States v. Manning*, 440 F.2d 1105 (5th Cir. 1971), contends that to be relevant, evidence must have a "necessary or natural connection" to the charges and that only firearms "similar in nature to the guns allegedly sold to the CI by Defendant" have such a connection. Doc. #103 at 9. He further argues that all evidence is inadmissible under Rule 403. *Id.*

As an initial matter, neither *Manning* nor *Williams v. United States*, 162 U.S. 382 (1897), the case on which *Manning* relies, purported to establish an overarching definition of relevancy.

Both cases merely recognized a rule that evidence a criminal defendant possessed money is inadmissible absent some "necessary or natural connection" between the money and "the offense imputed to him." *Manning*, 440 F.2d at 1109; *Williams*, 162 U.S. at 397. Relevance, of course, is governed by Federal Rule of Evidence 401. Rule 401 defines evidence as relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and … the fact is of consequence in determining the action."

The government argues the evidence from the home search is linked to the charged crimes because "Defendant offered to sell the CI the same time [sic] of guns that were seized at the house." Doc. #108 at 2. The government submits that "[t]he fact that the defendant offered to sell multiple, specific firearms to the CI that were later recovered from the defendant's home tends to make it much more probable that the defendant sold the firearms to the CI on the two occasions charged in the Superseding Indictment" and that the presence of the firearms are otherwise relevant to the CI's credibility. Doc. #95 at 6.

With respect to the government's first contention, the Court agrees that evidence Crawford maintained a business selling firearms makes it more likely that he sold the firearms at issue to the CI. *See United States v. Coleman*, 802 F. App'x 59, 63 (3d Cir. 2020) ("[D]iscussions about other firearms Coleman sold and had available made more probable that Coleman provided the 9-millimeter firearm to the CI."). The evidence from Crawford's home is therefore relevant in this respect.

Additionally, corroborating evidence may be relevant to bolster a witness' credibility when the witness' credibility is attacked. *Roussell v. Jeane*, 842 F.2d 1512, 1521 n.6 (5th Cir. 1988). While the credibility of the CI has not yet been attacked, there is no indication that Crawford does not intend to attack the CI's credibility at trial. Accordingly, to extent the evidence from

7

Crawford's home may be introduced to bolster the credibility of the CI, the Court cannot conclude at this time that it would be irrelevant at trial.

Having concluded that the challenged evidence is at least potentially relevant, the question becomes whether it is nevertheless excludable under Rule 403. Assuming without deciding that the evidence would be prejudicial or cumulative, the probative value (and ultimate admissibility) of the evidence will necessarily depend on two issues—whether Crawford intends to dispute that he sold the relevant firearms to the CI and whether Crawford intends to attack the credibility of the CI. Because resolution of these issues is impossible on the record before the Court, the Court will defer until trial the Rule 403 balancing regarding the search of Crawford's home.

## V
## Conclusion

The evidence related to the uncharged sales is admissible at trial. The evidence related to the search at Crawford's home is likely relevant but its ultimate admissibility will depend on the facts presented at trial.

**SO ORDERED**, this 2nd day of June, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**