IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                      CRIMINAL NO. 4:18-CR-00104

JOE CRAWFORD

### GOVERNMENT'S RESPONSE TO DEFENDANT
### JOE CRAWFORD'S MOTION FOR JUDGMENT OF ACQUITTAL

Joe Crawford ("Defendant") moved for a judgment of acquittal pursuant to Fed. R. Crim. P. 29(a). Because Defendant failed to meet the burden under Rule 29(a), the motion should be denied.

### OVERVIEW

On June 9, 2021, a jury convicted Defendant on both counts (Count One and Count Two) of the Superseding Indictment. The two counts of conviction arise from Defendant's illegal gun sales to a convicted felon on March 20, 2018 and June 14, 2018. In his Motion for Judgment of Acquittal, Defendant challenges the sufficiency of the evidence to support the jury's verdict on both counts, arguing two main points: (1) the government failed to show Defendant knew Louis West's prohibited status and (2) the District Court erred when it did not include the definitions for a felony offense in the jury instructions.

The Government responds, paragraph by paragraph, to Defendant's Motion for Judgment of Acquittal based on the record in this case and its best recollection of trial.

**SPECIFIC RESPONSES**

*Standard of Review*. In evaluating a motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, "[a] court views the evidence in the light most favorable to the verdict and draws all reasonable inferences from the evidence to support the verdict." *United States v. Harmon*, No. 1:16-CR-00038-SA-DAS, 2017 WL 4797525, at *1 (N.D. Miss. Oct. 24, 2017) (citations and quotation marks omitted). A court should uphold the jury verdict "if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt." *Id.* (citations omitted). "The trial judge may weigh the evidence and may assess the credibility of the witnesses during its consideration of the motion for new trial." *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008).

*Response to Defendant's First Argument*. Defendant first challenges his conviction on Counts One and Two of the Superseding Indictment. Count One charged Defendant with illegal sale of firearms to a convicted felon, i.e. Louis West. Count Two charged Defendant with the same crime but on a different date. Defendant argues these courts were supported by insufficient evidence because the government failed to show Defendant had "actual knowledge" that Louis West was a convicted felon at the time of the same. This is not true.

First, the parties stipulated that West had four previous felony convictions and detailed in the stipulation the nature, length, and county where each conviction occurred. In addition, the government presented compelling evidence to show Defendant knew West was a convicted felon by presenting audio and video recordings. For example, on June 14, 2021, during the gun sale to Louis West, the following conversation occurred:

> DEFENDANT: It don't matter about the money. You could pay three times as much, and he can't sell it to you because he'll lose his license...
>
> WEST: So there's no way he can give me that gun? I need. I want that gun.

2

>DEFENDANT: Somebody else can buy the gun.
>
>WEST: I tried that but nobody, don't really, ain't straight the one I'm fucking with, they all felonies.
>
>DEFENDANT: You gotta get somebody that ain't a felon and get them to buy the motherfucker or wait and I'll get you one through. I'll get you one through one of the gun shows where I can buy it without having to do all the paperwork on it, or else I find somebody's that's got one and buy one. And then I'll put that motherfucker up and won't let it go nowhere until I see ya.

Prior to June 14, 2018, and as conceded by Defendant, Louis West repeatedly told Defendant in recorded phone calls that he (West) was a convicted felon. The amount paid for each weapon, the circumstances of the gun sales themselves, and the witness testimony amplified the audio/video recording evidence. As such, the evidence proved beyond a reasonable doubt that Defendant knew or had reasonable cause to believe Louis West was prohibited from possessing firearms.

Defendant argues the government should have shown "actual knowledge." This is an argument about a distinction between knowledge and actual knowledge but the distinction does not make the result different. Knowledge is actual knowledge. Defendant's argument primarily relies on *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *Rehaif* applies to prosecutions under 18 U.S.C. § 922(g). Defendant was convicted under 922(d), which already requires proof Defendant knew or had reasonable cause to believe the buyer of the firearms was prohibited. Because *Rehaif* does not apply to the statute Defendant's convictions stem from, this argument fails.

*Response to Defendant's Second Argument*. Defendant argues that the District Court should have included in the jury instructions the definitions under § 921 and § 922 on what constitutes a felony offense. This is a legal question, not a question of fact for a jury to decide. Additionally, the jury instructions were provided verbatim from the pattern jury instructions. Finally, Fifth Circuit precedent disagrees with Defendant's argument. *See e.g. United States v.*

*Broadnax,* 601 F.3d 336 (Fifth Cir. 2010)(where, in trial for being a felon in possession of a firearm, district court was not required to instruct jury on legal definition of "crime punishable by imprisonment for a term in excess of one year," as provided in statute setting forth definitions relating to weapons offenses.)

## CONCLUSION

The evidence in this case was simple, but overwhelming: the recordings and the witness testimony were more than sufficient evidence to show Defendant's culpability. Additionally, the jury instructions were proper and correct. Based on this evidence, the Government submits that it proved with admissible evidence each element of each count of conviction beyond a reasonable doubt and asks the Court deny Defendant's Motion for Acquittal.

Respectfully submitted,

CLAY JOYNER
Acting United States Attorney
Mississippi Bar No. 10316


/s/ Samuel R. Stringfellow
SAMUEL R. STRINGFELLOW
Assistant United States Attorney
Mississippi Bar No. 105587

## CERTIFICATE OF SERVICE

I, Samuel R. Stringfellow, certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all parties of record.

This the 12th day of July 2021.

/s/ Samuel R. Stringfellow
SAMUEL R. STRINGFELLOW
Assistant United States Attorney