IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 4:18-CR-104

JOE CRAWFORD

### ORDER

On June 9, 2021, following a three-day jury trial, Joe Crawford was convicted on two counts of selling firearms to a felon. Doc. #226. After the Court sentenced him and entered a final judgment,[1] Crawford filed a notice of appeal. Doc. #267. Crawford's appeal is currently pending before the Fifth Circuit. At all times in this Court and in the Fifth Circuit, Crawford has been represented by counsel.

On or about July 28, 2022,[2] Crawford filed a pro se "Motion to Return Property" "[p]ursuant to F.R.C.P. 41(g)." Doc. #280. An identical copy of the motion received by the Court was docketed the same day. Doc. #281. The motions are based on Crawford's "Factual Allegations" that on August 28, 2018, the Federal Bureau of Investigation seized property from his residence while executing a search warrant; the property is "still being held as evidence in a case that has been over since [he] was convicted and sent to B.O.P.;" he "has not had any notice of intent to initiate forfeiture proceedings on seized property, in violation of due process;" and "in the interest of justice, the seized property … should be returned to its rightful owner … Crawford." *Id.* at PageID 2294–95.

Because at the time he filed his pro se motions, Crawford was (and still is) represented by

---

[1] Doc. #226.

[2] July 28, 2022, is the postmark date on the envelope in which Crawford mailed the motion to the Clerk of Court. Doc. #280 at PageID 2307. The motion is dated March 10, 2022, while the cover letter to the Clerk of Court regarding the motion is dated June 26, 2022. *Id.* at PageID 2293, 2295.

counsel and "does not have a constitutional right to hybrid representation," he is "not entitled to file a pro se motion on his own behalf." *United States v. Alvarado*, 321 F. App'x 399, 400 (5th Cir. 2009) (per curiam); *see United States v. Presley*, 415 F. App'x 563, 570 (5th Cir. 2011) (denying prisoner's pro se motion for release pending appeal because the Fifth Circuit "does not permit hybrid representation"). For that reason, Crawford's pro se motions [280][281] are **STRICKEN**.[3]

**SO ORDERED**, this 29th day of November, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] Beyond the issue of hybrid representation, the Court questions whether the motions are properly filed in this criminal case rather than in Crawford's appeal or in a separate civil action. *See United States v. Johnson-Ellis*, No. 20-50833, 2022 WL 3136978, at *1 (5th Cir. Aug. 5, 2022) (cleaned up) (motions under Rule 41(g) filed after "the underlying criminal proceedings are concluded … should be construed as a new civil action[ b]ut if the property was forfeited in the course of a criminal proceeding, the forfeiture should be challenged on direct appeal") (citing various sources).