IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

V.                                                                                                                          NO. 4:18-CR-104

**JOE CRAWFORD**

**ORDER**

Joe Crawford seeks compassionate release based on his medical conditions and his wife's medical conditions. Because Crawford has not shown extraordinary and compelling reasons to justify a sentence reduction, his request for compassionate release will be denied.

**I**
**Procedural History**

On December 4, 2018, Joe Crawford was charged in a superseding indictment with two counts of selling firearms to a felon. Doc. #60. On June 9, 2021, following a three-day trial, a jury found Crawford guilty on both counts. Doc. #226. The Court denied Crawford's motion for acquittal or, alternatively, a new trial on July 23, 2021. Doc. #255. On September 15, 2021, the Court sentenced Crawford to 121 months of imprisonment followed by three years of supervised release.[1] Doc. #266 at 2, 3. On appeal by Crawford, the Fifth Circuit affirmed Crawford's conviction and sentence on May 5, 2023. Doc. #285 at PageID 2336. Crawford is currently serving his sentence at the United States Federal Correctional Institution in Forrest City, Arkansas, and is expected to be released January 11, 2029.[2]

On August 2, 2023, Crawford filed a pro se "Motion for Compassionate Release to Modify

---

[1] "This sentence consists of 120 months on Count 1 of the Superseding Indictment and 1 month on Count 2 of the Superseding Indictment … to run consecutively;" and "[t]hree (3) years [of supervised release] on Counts 1 and 2 of the Superseding Indictment to run concurrently." Doc. #266 at 2, 3.

[2] Federal Bureau of Prisons, *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited October 21, 2024).

or Reduce or Place Defendant on Home Confinement Pursuant to Title 18 U.S.C. Section 3582(c)(1)(A)." Doc. #286. The government did not respond to the motion.

## II
## Analysis

Crawford filed his motion pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, which provides in relevant part:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). Accordingly, a court may grant relief under § 3582(c)(1)(A) only if (1) the procedural requirements of the statute have been met; (2) it considers the applicable factors set forth in 18 U.S.C. § 3553(a); (3) extraordinary and compelling reasons warrant reduction; and (4) the reduction is consistent with applicable policy statements of the Sentencing Commission. Failure to satisfy any of these requirements justifies denial of the motion. *See, e.g.*, *United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020) (affirming denial of compassionate release

where district court found extraordinary and compelling circumstances but determined § 3553 factors did not favor release); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (failure to exhaust "presents a glaring roadblock foreclosing compassionate release"). The burden of establishing a § 3582(c) reduction is warranted rests with the defendant. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *see United States v. Clark*, 451 F. Supp. 3d 651, 656 (M.D. La. 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.").

### A. Procedural Requirements

Section 3582 requires that before seeking compassionate release, a defendant "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or wait "30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). This procedural requirement is "mandatory" but not jurisdictional. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

Crawford represents that he "applied for a compassionate release with the warden here at FCC Forrest City Camp" and "[a]fter waiting the required 30 days, [he] did not receive a disposition from the Bureau of Prisons." Doc. #286 at 9. Attached to Crawford's motion is a document titled "Documentation of Informal Resolution Attempt" which reflects that on June 27, 2023, Crawford requested "compassionate release pursuant to Title 18 U.S.C. Section 3582(c)(1)(a)."[3] Doc. #286-1 at PageID 2366. Because more than thirty days have lapsed since the document's date, Crawford appears to have satisfied § 3582(c)(1)'s procedural requirement.

### B. Substantive Requirements

Crawford argues that extraordinary and compelling reasons for his compassionate release

---

[3] Crawford references the document as "Exhibit B" to his motion but the document bears no exhibit label or description. Doc. #286-1 at PageID 2366.

exist due to his medical conditions and his wife's medical condition. Doc. #286 at 12–20. He also contends that consideration of the § 3553(a) factors weigh in favor of reducing his sentence to home confinement.[4] *Id.* at 21–23.[5]

In enacting 18 U.S.C. § 3582(c)(1)(A), "Congress did not define 'extraordinary and compelling reasons' and instead delegated the authority to the [United States] Sentencing Commission to promulgate policy statements describing extraordinary and compelling reasons." *United States v. Martinez*, No. 23-50418, 2024 WL 658952, at *1 (5th Cir. Feb. 16, 2024). Based on the Sentencing Commission's recent amendments to § 1B1.13—the policy statement regarding the reduction of a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)—"after November 1, 2023, district courts may consider the following extraordinary and compelling circumstances in their analysis: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) whether the defendant, while in custody, was a victim of abuse; (5) other reasons similar in gravity to items one through four; and (6) a change in the law resulting in the defendant receiving an unusually long sentence."[6] *United States v. Jean*, 108 F.4th 275, 289 (5th Cir. 2024) (citing U.S.S.G. § 1B1.13).

---

[4] Specifically, Crawford submits that he "presents a low risk of recidivism;" his "disciplinary history is spotless and he has been identified as a minimum security inmate;" and he "has worked in Unicor since his incarceration and taken several vocational classes." *Id.* at 21.

[5] While Crawford's motion focuses on his request for compassionate release, it includes a short section where he argues for a reduction of his sentence based on "zero criminal history points," which he says results in the Court "now ha[ving] the option of sentencing [him] to 97 months of imprisonment." Doc. #286 at 20. Crawford is a zero-point offender because his criminal history score was zero. Doc. #263 at 7. But because his offense of conviction—selling firearms to felons—does not meet the requirement that he "did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense," *see* U.S. Sent'g Guidelines Manual § 4C1.1(a)(7) (U.S. Sent'g Comm'n Nov. 1, 2023), he is not eligible for the zero-point reduction.

[6] Before the recent amendments to § 1B1.13, "Application note 1 of the commentary articulated four categories of extraordinary and compelling reasons that could warrant a sentence reduction: (A) medical conditions of the defendant; (B) age of the defendant; (C) family circumstances; and (D) other reasons." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). "Although not dispositive, the commentary to the United States Sentencing Guidelines ('U.S.S.G.') § 1B1.13 informs [the] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

4

### 1. Crawford's medical conditions

Regarding his health, Crawford submits that he "suffers from numerous unresolved medical issues that require long term specialized medical care that is not being provided and without [he] is at risk of serious deteriation [sic] in health or death;" "is currently 70 years old and has a host of personal health risk factors;" and he "tested positive for Covid almost 3 years ago" and "has not fully recovered physically." Doc. #286 at 12, 17. Specifically, Crawford cites heart attacks in 2006 and 2020, "hypertension, vitamin D deficiency, vitamin B-12 deficiency anemia, carpal tunnel syndrom, triglycerides elavated, hyperlipidema, [and] old myocardial infarcation, including chronic obstructive pulmonary disease (COPD)." *Id.* at 15, 16 (spelling errors in original). Crawford represents that he "has other underlying conditions as well that contribute to his poor health, obesity, high cholesteral, cateracts, shortness of breath, 30% hearing loss, bilateral polyneuropathy, [and] blepharitis, including two positive fecal occult blood tests …." *Id.* (spelling errors in original). According to Crawford, his "'immediate medical needs' have been inadequately treated and could better be addressed in home confinement." *Id.*

Medical circumstances where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death" can amount to extraordinary and compelling circumstances. U.S.S.G. § 1B1.13(b)(1)(C). The medical records Crawford attached to his motion indicate he was diagnosed with all these medical conditions before he was in BOP custody.[7] But they do not show such medical conditions have been inadequately treated or sufficiently deteriorated since he has been in BOP custody. Nor is there anything demonstrating

---

[7] The only exception appears to be the "two positive fecal occult blood tests" which the medical records reflect occurred after Crawford entered BOP custody, and which have been monitored, including Crawford being evaluated for a colonoscopy. *See, e.g.*, Doc. #286-1 at PageID 2554, 2564, 2567, 2590–92.

he is at risk of contracting COVID-19—even given his other health conditions—just because he contracted COVID-19 more than three years ago. *See Martinez*, 2024 WL 658952, at *1 ("apprehensions about COVID-19 do not justify [compassionate] relief"); *United States v. Khan*, No. 22-20313, 2023 WL 2810923, at *1 (5th Cir. Apr. 6, 2023) (affirming finding of no extraordinary and compelling circumstances where defendant claimed he suffered serious medical complications during hospitalization for COVID-19 infection, continued to suffer from breathing and digestive system problems not properly treated by prison healthcare providers, and had chronic health conditions, including diabetes and hypertension). Consequently, Crawford fails to demonstrate his medical conditions constitute extraordinary and compelling circumstances justifying his release.[8]

### 2. Crawford's wife's medical condition

Regarding his wife, Crawford argues his wife's medical condition is deteriorating such that "she will need assistance in her day to day activities and daily living."[9] Doc. #286 at 19. Crawford relies on (1) a May 23, 2022, letter from a doctor stating his wife "is unable to perform the duties that are required to maintain her business," and (2) a June 2, 2022, letter from another doctor stating that his wife's "continue[d] manual labor work … could have detrimental effect on her cardiac health and well-being." *Id.*; Doc. #286-1 at PageID 2372–74.

Family circumstances can constitute extraordinary and compelling reasons for

---

[8] Given this finding, the Court need not consider the § 3553(a) factors. *United States v. Lazo-Aguirre*, No. 23-40025, 2023 WL 4117475, at *1 (5th Cir. June 22, 2023) (unnecessary for district court to address § 3553(a) factors where defendant failed to show extraordinary and compelling circumstances). Even if it did, compassionate release still would be denied. Among other things, Crawford was convicted of two counts of selling firearms—semiautomatic weapons—to a convicted felon during the time he was a bail bondsman; the calculation of his guideline sentence included an enhancement due to his sale of a stolen weapon as well as his possession of other stolen weapons and two weapons with obliterated serial numbers; the need for deterrence, to protect the public from future crime, and to provide just punishment is high; and his medical status is not much different from when he was sentenced.

[9] Crawford requests "home confinement so they both can help each other in their day to day activities and daily living." Doc. #286 at 20.

compassionate release based on "[t]he incapacitation of the defendant's spouse ... when the defendant would be the only available caregiver for the spouse." U.S.S.G. § 1B1.13(b)(3)(B). However, because the doctors' letters regarding Crawford's wife's medical condition do not indicate that she is incapacitated and because regardless, Crawford offers nothing demonstrating that he is the only available caregiver for his wife, compassionate release based on his wife's medical conditions is not warranted. *See United States v. Reyes-Rodriguez*, No. 22-51128, 2023 WL 5447275, at *1 (5th Cir. Aug. 24, 2023) ("Because Reyes-Rodriguez had failed to offer any evidence in support of his claim that he was the only person able to provide care for his ailing mother, the district court did not err in rejecting his family-circumstances argument.").

### III
### Conclusion

Crawford's pro se motion for compassionate release [286] is **DENIED**.

**SO ORDERED**, this 21st day of October, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**